

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| LARRY JAMES TYLER, | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 9:16-1275-MGL |
| | § | |
| SHERIFF WAYNE BYRD, CAPTAIN COE, | § | |
| and DIANE WILKES, | § | |
|     Defendants. | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,
GRANTING DEFENDANTS BYRD AND COE'S
MOTION FOR SUMMARY JUDGMENT,
DISMISSING PLAINTIFF'S CLAIMS AGAINST DEFENDANT WILKES
WITHOUT PREJUDICE, DISMISSING PLAINTIFF'S APPEALS,
AND DENYING HIS MOTION TO APPOINT COUNSEL**

    Plaintiff Larry James Tyler filed this case as a 42 U.S.C. § 1983 action. He is proceeding pro se and in forma pauperis. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Defendants Sheriff Wayne Byrd and Captain Coe's motion for summary judgment be granted and the claims against Defendant Diane Wilkes be dismissed. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

    The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the

Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The Court need not—and will not—consider non-specific objections to the Report.

The Magistrate Judge filed the Report on May 24, 2017, and the Clerk of Court entered Plaintiff's objections on June 5, 2017. The Court has reviewed the objections, but holds them to be without merit. Therefore, it will enter judgment accordingly.

In Plaintiff's submission, he generally complains about Defendants' treatment of his migraine headaches, Defendants' refusal to allow him a tooth extraction, and the policies and practices of the jail in which he is housed. But the arguments he presents are, for the most part, the same ones he previously made to the Magistrate Judge. Because the Court agrees with the Magistrate Judge's treatment of these issues, it need not repeat the discussion and analysis here. Suffice it to say these non-specific objections will be overruled.

One of Plaintiff's objections, however, merits a brief explanation: the Magistrate Judge's suggestion the Court dismiss Plaintiff's allegations against Defendant Wilkes "based on the evidence before this Court," Report at 28, although she never entered an appearance in this action. In fact, from the Court's review of the record, it is unclear whether Defendant Wilkes is even aware this suit is pending.

Thus, the issue before the Court is this: whether the Magistrate Judge erred in recommending sua sponte dismissal of Plaintiff's claims against Defendant Wilkes although she failed to join in Defendants Byrd and Coe's motion for summary judgment; but the medical records and evidence Plaintiff and Defendants Byrd and Coe supplied to the Court are dispositive of the Court's consideration of all of Plaintiff's causes of action against Defendant Wilkes. The Court's simple answer is, "No."

In Plaintiff's objections, he neglects to argue the merits of the Magistrate Judge's suggestion the Court dismiss Plaintiff's accusations against Defendant Wilkes because of Plaintiff's failure to demonstrate there is a genuine issue of material fact on this matter. Instead, Plaintiff contends the Marshal's failing to serve Defendant Wilkes with his summons is violative of the Federal Rules of Civil Procedure.

The Fourth Circuit has long recognized the district court's ability to dismiss an action when there is a "failure of a complaint to state facts entitling the plaintiff to relief[.]" *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655 (4th Cir. 2006). "[T]o provide free access to the courts without overwhelming the efficient administration of justice with meritless cases, the system relies primarily on the judgment of the district courts to . . . exclude suits that have no arguable basis in law or fact." *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 954 (4th Cir. 1995) (footnote omitted). That is exactly what the Court is faced with here: Plaintiff's allegations against Defendant Wilkes have "no arguable basis in law or fact." *Id*. Consequently, the Court holds "[s]ua sponte dismissal of the complaint with respect to [Defendant Wilkes] is appropriate here, because the issues concerning [her] are substantially the same as those concerning the other defendants, and [Plaintiff], the party against whom the judgment of dismissal [is going to be] entered, had notice and a full opportunity to make out his claim against [Defendant Wilkes]." *Hecht v. Commerce Clearing House, Inc.*, 897 F.2d 21, 26 n.6 (2d Cir. 1990). Hence, the Court will overrule this objection, too.

Construing pro se Plaintiff's submission liberally, as the Court must do, it appears, in addition to submitting objections, Plaintiff may be attempting to appeal certain of the Magistrate Judge's pretrial rulings. Rule 72(a) of the Federal Rules of Civil Procedure provides, in part, "[a] party may serve and file objections to [a pretrial] order within 14 days after being served with a copy." *Id*. But, "[a] party may not assign as error a defect in the order not timely objected to."

*Id*. Here, the pretrial orders Plaintiff takes issue with were issued by the Magistrate Judge well over fourteen days before his appeal. Therefore, the Court will dismiss Plaintiff's appeal.

It also appears Plaintiff may be moving this Court to appoint counsel for him in this matter. But, there is no absolute right to appointment of counsel. The plaintiff must present "exceptional circumstances" before the Court will appoint counsel. *Miller v. Simmons*, 814 F.2d 962, 966 (4th Cir. 1987). Exceptional circumstances are present when "it is apparent to the district court that a pro se litigant has a colorable claim but lacks the capacity to present it[.]" *Gordon v. Leeke*, 574 F.2d 1147, 1153 (4th Cir. 1978). No such situation exists here. Consequently, the Court will deny this motion.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of this Court Defendants Byrd and Coe's motion for summary judgment is **GRANTED**, with the caveat any state claims Plaintiff may have against them are **DISMISSED WITHOUT PREJUDICE**. Plaintiff's allegations against Defendant Wilkes are also **DISMISSED WITHOUT PREJUDICE**. The Court dismisses any state causes of action Plaintiff may have against Defendants without prejudice so he can bring them in state court if he wishes to do so.

Further, as to Plaintiff's appeal of the Magistrate Judge's pretrial rulings, those appeals are all **DISMISSED** as time barred and his motion for the appointment of counsel is **DENIED**.

**IT IS SO ORDERED**.

Signed this 19th day of June, 2017, in Columbia, South Carolina.

                                        s/ Mary Geiger Lewis
                                        MARY GEIGER LEWIS
                                        UNITED STATES DISTRICT JUDGE

*****

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.